UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DENNIS NELSON, *pro se*,

                  Plaintiff,

      -against-

LT. CHANG and MS. DAVIDSON,

                  Defendants.

------------------------------------------------------------------X

**MEMORANDUM & ORDER**

08-CV-1261 (KAM)(LB)

**KIYO A. MATSUMOTO, U.S. District Judge:**

        Plaintiff Dennis Nelson is currently, and, at the time of the filing of his complaint, was incarcerated at Great Meadow Correctional Facility in Comstock, New York.  Plaintiff filed this pro se action, which the court construes as an action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and for medical malpractice, along with a request to proceed in forma pauperis ("IFP"), on March 24, 2008.  By Order dated April 4, 2008, Magistrate Judge Lois Bloom granted plaintiff's request to proceed IFP.  It has since come to the court's attention that federal courts in other districts of New York have determined that multiple prior complaints filed by plaintiff were frivolous, and that, as a result, plaintiff has been barred from IFP status pursuant to the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, 28 U.S.C. § 1915(g) ("the PLRA"), unless plaintiff demonstrates that he is under imminent danger of serious physical injury.  Therefore, for reasons explained in full below, the court revokes plaintiff's IFP status and orders that the complaint be dismissed unless plaintiff pays the full filing fee of $350 within 30 days after entry of this order.

**BACKGROUND AND DISCUSSION**

Plaintiff's complaint alleges that, on March 23, 2005, while he was a prisoner in

custody at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, medical

personnel at the MDC improperly treated an ongoing condition involving his left leg.  He

demands $225.5 million in damages "for medical malpractice."

Although this is only plaintiff's second case filed in the Eastern District of New

York, he has filed well over 20 civil actions in the United States District Courts for the Southern,

Northern and Western Districts of New York.  See U.S. Party/Case Index (visited Nov. 7, 2008),

https://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl.  Numerous of those cases specifically alleged

the failure of medical personnel in the New York State Department of Corrections to properly

treat the same left leg condition that plaintiff complains of in this action.  Most of these cases

were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon

which relief may be granted.  See Nelson v. Nesmith, Docket No. 06-CV-1177, 2008 WL

3836387, at *2 (N.D.N.Y. Aug. 13, 2008) (discussing some of plaintiff's previous filings in that

and other district courts).

As a result of plaintiff's frequent filing of complaints that were found to be

frivolous or to be malicious or to fail to state a claim, the District Court for the Western District

of New York found that plaintiff had violated the "three stikes rule" of the PLRA, and revoked

plaintiff's IFP status.  See Nelson v. Conway, No. 04-CV-6005 (CJS), slip op. at 2 (W.D.N.Y.

Feb. 24, 2004) (describing plaintiff's previous litigation history in that court and denying

plaintiff's IFP request pursuant to 28 U.S .C. § 1915(g)).  The three strikes rule of the PLRA, 28

U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action . . . under [Section 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

28 U.S.C. § 1915(g).

The Second Circuit has held that the ability to proceed under IFP status is a "congressionally created benefit," not a right. Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007) (quoting Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999)). Where the court initially approves an IFP application, then subsequently learns that plaintiff has been barred from IFP status due to the three strikes rule, the court may properly revoke IFP status. Id. at 155. Once a prisoner's IFP status has been revoked, any future IFP cases may be dismissed pursuant to § 1915(g), unless they meet the "imminent danger" exception.

Other courts have invoked the prior revocation of plaintiff's IFP status and have subsequently dismissed complaints, upon finding that the allegations did not meet the exception for "imminent danger." This had resulted in the dismissal of several cases involving allegations regarding the same left leg condition that plaintiff alleges in the current case. See Nelson v. Lee, No. 05-CV-1096 (NAM), 2007 WL 4333776, at *6 (N.D.N.Y. Dec. 5, 2007) (noting plaintiff's prior "strikes" and concluding that his claims regarding his leg condition did not fall within the "imminent danger" exception); Nelson v. Spitzer, No. 07-CV-1241 (TJM), 2008 WL 268215, at *1 (N.D.N.Y. Jan. 29, 2008) (same); Nelson v. Chill, No. 08-CV-7455 (LAP) (S.D.N.Y. Aug. 25, 2008) (denying IFP and dismissing complaint where plaintiff failed to meet the 'imminent danger' exception.)

Since plaintiff is barred from IFP status under the three strikes rule, the court must

consider whether the instant complaint alleges imminent danger of serious injury, which could serve as an exception to revocation of plaintiff's IFP status. The complaint describes an ongoing medical condition in plaintiff's left leg, which plaintiff alleges was exacerbated as a result of inadequate medical treatment at the MDC, allegedly occurring on March 23, 2005, three years prior to the filing of the complaint. (Compl. at IV.A.) The Second Circuit has held that the imminent danger exception can only be invoked when imminent danger exists at the time the case is filed. Id. at 156 (citing Malik v. McGinnis, 293 F.3d 559 (2d Cir. 2002)). Given the length of time between the allegedly inadequate medical treatment at MDC and the filing of plaintiff's complaint, the court finds that plaintiff was not in imminent danger of serious physical injury pursuant to 28 U.S .C. § 1915(g) at the time this complaint was filed, and therefore does not qualify for the imminent danger exception to the three strikes rule.

To the extent that plaintiff seeks prospective relief from imminent danger involving his medical condition, that relief can only be sought from those responsible for his ongoing medical treatment. The court notes that a case filed by plaintiff is currently pending in the United States District Court for the Northern District of New York, where plaintiff is currently in custody, concerning the very same alleged injury to plaintiff's left leg. See Nelson v. Scoggy, et al., No. 06-CV-1146 (NAM), 2008 WL 4401874, at *2 (N.D.N.Y. Sept. 24, 2008) (denying defendants' motion for revocation of plaintiff's IFP status upon finding that plaintiff may have alleged "urgent need of treatment for a very serious medical condition").

As plaintiff's complaint fails to allege imminent danger of serious physical injury, the court finds that plaintiff is not eligible for an exception to the three strikes rule. Magistrate Judge Bloom's April 4, 2008 order granting IFP status is therefore vacated and plaintiff's IFP status is revoked pursuant to § 1915(g).

Accordingly, the complaint will be dismissed unless plaintiff pays the full filing fee of $350 within thirty (30) days after entry of this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).[1] The defendants are ordered to serve a copy of this Memorandum and Order on plaintiff and file a declaration of service no later than February 11, 2009.

SO ORDERED.

Dated: Brooklyn, New York
       February 10, 2009

                                                   /s/
                                  _____
                                  **KIYO A. MATSUMOTO**
                                  United States District Judge

---

[1] The Court is aware that defendants have served and filed a motion to dismiss and a motion for summary judgment. The court reserves decision on these motions pending plaintiff's payment of the $350 filing fee within thirty (30) days of this order.